JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE QUANTCAST ADVERTISING COOKIE LITIG. | No. CV 10-5484-GW(JCGx) |
| IN RE CLEARSPRING FLASH COOKIE LITIG. | No. CV 10-5948-GW(JCGx) |

## FINAL ORDER AND JUDGMENT

**WHEREAS** defendants American Broadcasting Companies, Inc.; Demand Media, Inc.; ESPN, Inc.; Fox Entertainment Group; Hulu, LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom International Inc.; MySpace, Inc.; NBC Universal, Inc; Scribd, Inc.; Soapnet, LLC; Walt Disney Internet Group; and Warner Bros. Records Inc.; as well as nonparties News Corporation, an affiliate and the ultimate parent of Defendants Fox Entertainment Group and MySpace, Inc.; Viacom Inc., of which Defendant MTV Networks is a division of a subsidiary, Viacom International Inc.; The Walt Disney Company, an affiliate and the ultimate parent of Defendants American Broadcasting Companies, Inc., ESPN, Inc., Soapnet, LLC and Walt Disney Internet Group; and Warner Music Inc. (these entities together being referred to herein as the "Undertaking Parties"), operate or service a large number of internet websites.

**WHEREAS** defendants Quantcast Corporation ("Quantcast") and Clearspring Technologies, Inc. ("Clearspring") employ technologies used by the Undertaking Parties and many other companies on their internet websites.

**WHEREAS** Defendants (defined herein as American Broadcasting Companies, Inc.; Demand Media, Inc.; ESPN, Inc.; Fox Entertainment Group; Hulu, LLC; JibJab Media, Inc.; MTV Networks, a division of Viacom

International Inc.; MySpace, Inc.; NBC Universal, Inc; Scribd, Inc.; Soapnet, LLC; Walt Disney Internet Group; and Warner Bros. Records Inc.,; Quantcast; and Clearspring) and the Undertaking Parties may use local shared objects that may be stored on computers or other devices in Adobe Flash Media local storage ("LSOs").

**WHEREAS** Plaintiffs contend that Defendants used or deposited LSOs and HTTP "cookies" ("Cookies") on the computers or devices of website visitors without adequate disclosure; used LSOs to regenerate or redeposit Cookies after a user deleted those Cookies; used Cookies, LSOs to obtain or provide information from or about a user contrary to either the user's consent or intent; and tracked users, shared their information or displayed advertising to them without sufficient notice.

**WHEREAS**, on July 23, 2010 and July 30, 2010, the *Valdez, et al. v. Quantcast Corporation, et al.* and *Aguirre v. Quantcast Corporation, et al.* complaints were filed against Quantcast (and other defendants). Collectively, these complaints alleged violations of (i) the Computer Fraud and Abuse Act, 18 U.S.C. 1030; (ii) the Electronic Communications Privacy Act, 18 U.S.C. §2510; (iii) the Video Privacy Protection Act, 18 U.S.C. § 2710; (iv) California's Computer Crime Law, Penal Code § 502; (v) California's Invasion of Privacy Act, California Penal Code § 630; (vi) the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200; (vii) the California Consumer Legal Remedies Act; (viii) Unjust Enrichment; and (ix) California Uniform Trade Secrets Act, California Civil Code § 3426. On September 21, 2010, the *Valdez, et al. v. Quantcast Corporation, et al.* and *Aguirre v. Quantcast Corporation, et al.* actions were consolidated by order of the court in the Central District of California as *In Re Quantcast Advertising Cookie Litig.*, No. 2:10-cv-05484-GW and in which an amended complaint as to all related matters against Quantcast was filed on December 6, 2010.

1  **WHEREAS**, the complaints in *White, et al. v. Clearspring Technologies, Inc., et al.*, *Intzekostas v. Fox Entertainment Group, et al.,* and *Rona v. Clearspring Technologies, Inc.* were filed respectively on August 10, 2010, September 10, 2010, and October 18, 2010 alleging claims against Clearspring (and other defendants). Collectively these complaints alleged violations of (i) the Computer Fraud and Abuse Act, 18 U.S.C. 1030; (ii) California's Computer Crime Law, Penal Code § 502; (iii) California's Invasion of Privacy Act, California Penal Code § 630; (iv) the California Consumer Legal Remedies Act, California Civil Code § 1750; (v) the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200; (vi) Trespass to Personal Property/Chattels; (vii) Unjust Enrichment; and (viii) the Electronic Communications Privacy Act, 18 U.S.C. §2510. On October 13, 2010, the *White, et al. v. Clearspring Technologies, Inc., et al.* and *Intzekostas v. Fox Entertainment Group, et al.* actions were consolidated by order of the court in the Central District of California as *In Re Clearspring Flash Cookie Litig.*, No. 2:10-cv-05948-GW, and in which an amended complaint as to all related matters against Clearspring was filed on December 6, 2010.

**WHEREAS**, commencing in October 2010, certain of the Parties conducted a series of settlement negotiations including, among other things, an in-person mediation conducted by the Mediator on October 19, 2010, during which those Parties each represent that they have candidly aired the strengths and weaknesses in their respective litigation positions.

**WHEREAS**, Defendants and their affiliated Undertaking Parties deny any and all wrongdoing whatsoever.

**WHEREAS**, Class Counsel have conducted extensive research and investigation relating to the claims and the underlying events and transactions alleged in the Complaint during the prosecution of the Litigation which included: (a) the interview of the Representative Plaintiffs and analysis of their

1  computers to assess the potential claims of each individual; (b) the review of
2  public statements, including consumer-facing statements on Defendants'
3  websites, press releases attributed to Defendants, and articles about Defendants;
4  (c) analysis of Defendants' interactions with web browsers; and (d) research of
5  the applicable law with respect to the claims asserted in the Complaint and
6  arguments asserted by Defendants.  Although Class Counsel believe that the
7  claims asserted against Defendants in the Litigation have substantial merit, Class
8  Counsel recognize and acknowledge that continued prosecution of the Litigation
9  through trial and possible appeal would be protracted and expensive.

10  **WHEREAS**, Class Counsel and Defendants recognize and acknowledge
11  that continued prosecution of the Litigation through trial and possible appeal
12  would be protracted and expensive, and the outcome uncertain.

13  **WHEREAS**, each of the Parties and counsel believes, in consideration of
14  all the circumstances and after substantial arms' length settlement negotiations
15  between counsel, that its interests are best served by entering into the settlement
16  set forth in the Settlement Agreement, and that this proposed settlement is fair,
17  reasonable, adequate and in the best interests of the Settlement Class.

18  **WHEREAS**, the Settlement Agreement defines "Protected Persons" as
19  Defendants and the Undertaking Parties, and each of their respective past and
20  present officers, directors, employees, insurers, agents, representatives,
21  investors, customers, partners, joint-venturers, parents, subsidiaries (defined as
22  any entity in which a Defendant or Undertaking Party owns or controls at least
23  50% of the voting securities or the right to elect a majority of the members of
24  the board of directors or by contract or otherwise controls such entity), affiliates,
25  attorneys, successors and assigns; as well as all Persons that used, deployed or
26  caused the deployment of, in online interactions with Class Members
27  Clearspring's Launchpad and/or Add This products; and all Persons in
28  connection with whom defendants Quantcast, Clearspring, or an Undertaking

1  Party deposited a Cookie, LSO or similar technology on a Class Member's
2  browser, computer or device.

3        **WHEREAS**, the Settlement Agreement among the parties defines
4  "Released Claims" as "Any and all claims for payment, non-economic or
5  injunctive relief of any kind or nature and any and all liabilities, demands,
6  obligations, losses, actions, causes of action, damages, costs, expenses,
7  attorneys' fees and any and all other claims of any nature whatsoever, based on
8  any of the laws, regulations, statutes or rules cited, evidenced or referenced by
9  such allegations and statements, or any other claims, including but not limited
10 to: all claims, including unknown claims, as set forth in Section 5.3 below,
11 arising from or relating to (i) any of the allegations, facts or statements set out
12 in, or to any claim that was or could have been brought in any of the
13 Complaints; (ii) Defendants', the Undertaking Parties' and their subsidiaries' and
14 affiliates' use of LSOs; alleged depositing of Cookies or LSOs on the computers
15 of persons who accessed one or more of Defendants', the Undertaking Parties'
16 or their subsidiaries' or affiliates' websites or other online content (in the case of
17 the Undertaking Parties, their subsidiaries and affiliates, whether such Cookies
18 or LSOs were deposited by or through an Undertaking Party, a subsidiary or
19 affiliate thereof, Quantcast, Clearspring or any other Person); the regeneration or
20 redeposit of Cookies after a user deleted those Cookies; or the alleged obtaining
21 or provision of information from or about a user contrary to either the user's
22 consent or intent; and (iii) claims that Defendants, the Undertaking Parties or
23 their subsidiaries or affiliates allegedly tracked users, shared their information or
24 displayed advertising to them without sufficient notice. Without limiting the
25 foregoing, for avoidance of doubt, the definition of Released Claims is intended
26 to provide any Protected Person that is an Undertaking Party or a subsidiary or
27 affiliate thereof with a full release from all claims Class Counsel presently is
28 pursuing involving LSOs and similar technologies in other cases, specifically:

1  *Davis v. VideoEgg, Inc.*, No. CV 10 7112 (C.D. Cal.); *La Court v. Specific
2  Media, Inc.*, No. 10-CV-1256 JVS (C.D. Cal.); *Aughenbaugh v. Ringleader
3  Digital, Inc.*, No. 10-CV-1407-CJC-RNB (C.D. Cal.); and *Hillman v. Ringleader
4  Digital, Inc.*, No. 10-CV-8315 (S.D.N.Y.); and such other similar case(s) as to
5  which the Parties may agree in writing from time to time prior to the date
6  approved by the Court for persons to object to or exclude themselves from the
7  Settlement, which agreement shall not be unreasonably withheld by any Party
8  and which writing(s) shall be deemed as amending and incorporated into this
9  section 1.1. Notwithstanding the foregoing, excluded from Released Claims are
10 all claims related to the use or deployment of non-Quantcast and non-
11 Clearspring LSOs by any Person other than the Defendants or the Undertaking
12 Parties."

13 **WHEREAS**, the Settlement Agreement provides for the release of
14 Released Claims against all Protected Persons.

15 **WHEREAS**, the Parties have engaged in intensive, complex, difficult and
16 hard-fought arm's-length negotiations; and

17 **WHEREAS**, as a result of those lengthy negotiations, the Parties have
18 been able to reach an agreement to settle these Actions; and

19 **WHEREAS**, by the terms of the proposed Settlement of this Action, in
20 exchange for the dismissal of the Action with prejudice, dismissal of all
21 Released Claims with prejudice, and for entry of this Final Order and Judgment,
22 the Defendants and Undertaking Parties shall take all the actions required by the
23 Settlement Agreement, including but not limited to the establishment of the
24 Settlement Fund, the terms of which are expressly incorporated by reference
25 herein, in accordance with the procedures set forth therein.

26 **WHEREAS**, on March 3, 2011, this Court entered a Hearing Order (the
27 "Hearing Order"), which, *inter alia*:

28       **(a)**    conditionally certified, for settlement purposes only, pursuant

to Rule 23(a) and Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, a class consisting of all persons in the United States who, during the Class Period, used any web browsing program on any device to access one or more internet sites controlled, operated or sponsored by Defendants, Undertaking Parties News Corporation, Viacom Inc. or The Walt Disney Company or subsidiaries of affiliates thereof; or any other internet site employing any of Clearspring's or Quantcast's technologies involving the use of HTTP "cookies" ("Cookies") or local shared objects stored in Adobe Flash Media local storage ("LSOs");

**(b)** appointed Jennifer Aguirre; A.A., a minor, by and through her parent Guardian Ad Litem, Jose Aguirre; Alan Bonebrake; Alejandro Godoy; Byron Griffith; J.H., a minor, by and through his parent, Guardian Ad Litem, Jeff Hall; R.H., a minor by and through her parent Guardian Ad Litem, Jeff Hall; Mary Huebner; Erica Intzekostas; Jose Marquez; Kira Miles; Toni Miles; Terrie J. Moore; Austin Muhs; David Rona; Brittany Sanchez; Edward Valdez; Gerardo Valdez; Kayla Valdez; and Brian White as representatives of the Settlement Class;

**(c)** appointed Scott A. Kamber and David A. Stampley of KamberLaw, LLC as counsel to the Settlement Class;

**(d)** preliminarily approved the Settlement, pursuant to Rule 23 (c) and (e) of the Federal Rules of Civil Procedure;

**(e)** set a hearing to take place on June 13, 2011, at 9:30 a.m., before this Court, at the at the United States Courthouse for the Central District of California, 312 North Spring Street, Los Angeles, California (the "Fairness Hearing"), upon notice to members of the Settlement Class, to determine whether:

    (*i*) the requirements for certification of the Settlement Class have been met;

    (*ii*) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the Settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and

    (*iii*) the Judgment approving the Settlement and dismissing

the Actions on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered.

**(f)** approved the forms of the Notice of Pendency and Settlement Class Action (the "Full Settlement Notice"), substantially in the form of Exhibits A.2 and A.3 annexed to the Settlement Agreement after requiring certain modifications, including the identification of groups to which plaintiffs propose to disburse settlement funds;

**(g)** prescribed the method and period of time for providing notice to members of the Settlement Class of the certification of the Settlement Class; the Settlement; Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses; and the Fairness Hearing;

**(h)** found that such notice to the members of the Settlement Class as described in the Settlement Agreement: (i) is the best notice practicable to members of the Settlement Class; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; to request exclusion from the Settlement Class; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

**(i)** directed Plaintiffs' Class Counsel and Defendants' counsel, on or before April 22, 2011**,** to file with the Court evidence that the notice-related provisions of the Hearing Order had been satisfied, which they did on April 20, 2011;

**(j)** prescribed the method and period of time during which members of the Settlement Class may file requests to be excluded from the Settlement Class;

**(k)** provided that, whether or not the Effective Date occurs, any member of the Settlement Class who does not properly and timely request

exclusion from the Settlement Class shall be bound by any and all judgments and settlements entered or approved by this Court, whether favorable or unfavorable to the Settlement Class;

**(l)** prescribed the method and periods of time during which members of the Settlement Class may serve written objections to the Settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by Plaintiffs' Counsel;

**(m)** preliminarily barred and enjoined Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class from filing, commencing, prosecuting, maintaining, or intervening in any claim, lawsuit, arbitration, administrative, regulatory or other proceeding (as members of a class action or otherwise) arising out of the Released Claims against any of the Released Parties;

**(n)** provided that if for any reason, the Effective Date of the Settlement does not occur, the Hearing Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of December 8, 2010, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur.

**(o)** provided that nothing in the Hearing Order shall be construed or used as an admission, concession, or declaration by or against any Defendant or Undertaking Party for any fault, wrongdoing, breach or liability; or be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have; or

be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any claim asserted in the Actions; and

**WHEREAS** only one person filed an objection to the settlement, which objection that class member voluntarily withdrew prior to the Fairness Hearing after reviewing Plaintiffs' opposition papers and correspondence from the Defendants that collectively demonstrated the lack of factual basis for the objection, such that there presently are no objections at all to the proposed settlement; and whereas only one class member submitted a request to opt-out of the Settlement Class; and

**WHEREAS**, Defendants have submitted evidence demonstrating, and the Court finds, that Defendants have provided the notices to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715; and

**WHEREAS**, the Fairness Hearing was duly held as noticed on June 13, 2011; and

**WHEREAS**, this Court, having heard from Plaintiffs' Class Counsel on behalf of the Settlement Class, and from Defendants' counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and

**WHEREAS**, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Notice to the members of the Settlement Class required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as

1  directed by this Court in the Hearing Order, and such notice having constituted
2  the best notice practicable, including, but not limited to, the forms of notice and
3  methods of identifying and providing notice to the members of the Settlement
4  Class, and satisfied the requirements of the Federal Rules of Civil Procedure, the
5  Constitution of the United States, and all other applicable laws.

6      2.    The Settlement Class as provided in the Hearing Order is
7  unconditionally certified pursuant to Rules 23(a) and Rules 23(b)(2) and
8  23(b)(3) of the Federal Rules of Civil Procedure.

9      3.    For purposes of all aspects of the Settlement Agreement except the
10 provisions of Section IV.G, with respect to which the Settlement Class will be
11 certified pursuant to Federal Rule of Civil Procedure 23(b)(2), the prerequisites
12 for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil
13 Procedure have been satisfied in that: (a) the number members of the Settlement
14 Class is so numerous that joinder of all members thereof is impracticable; (b)
15 there are questions of law and fact common to the Settlement Class; (c) the
16 claims of Plaintiffs are typical of the claims of the Settlement Class they seek to
17 represent; (d) Plaintiffs have and will fairly and adequately represent the
18 interests of the Settlement Class; (e) the questions of law and fact common to
19 the members of the Settlement Class predominate over any questions affecting
20 only individual members of the Settlement Class; and (f) a class action is
21 superior to all other available methods for the fair and efficient adjudication of
22 this controversy.

23     4.    For purposes of the injunctive relief specified in Section IV.G of
24 the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(2)
25 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the
26 number members of the Settlement Class is so numerous that joinder of all
27 members thereof is impracticable; (b) there are questions of law and fact
28 common to the Settlement Class; (c) the claims of Plaintiffs are typical of the

1  claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will
2  fairly and adequately represent the interests of the Settlement Class; and (e) the
3  Defendants have acted or refused to act on grounds generally applicable to the
4  class, thereby making appropriate final declaratory relief with respect to the
5  class as a whole.

6       5.     The Settlement, as set forth in the Settlement Agreement, is in all
7  respects fair, reasonable, and adequate, and in the best interests of the Settlement
8  Class Members, and is approved in all respects in accordance with Rule 23 of
9  Federal Rules of Civil Procedure.

10      6.     Plaintiffs, Defendants, and Undertaking Parties are directed to
11 promptly consummate the Settlement in accordance with the Settlement
12 Agreement and all of its terms.

13      7.     The Settlement shall not be deemed to constitute an admission or
14 finding of liability or wrongdoing on the part of Defendants, or any of the
15 Plaintiffs, Settlement Class Members, or Released Parties.

16      8.     Nathan Searles has properly and timely requested exclusion from
17 the Settlement Class, pursuant to the terms of this Court's Hearing Order, and is
18 excluded from the Settlement Class, shall not be bound by this Final Order and
19 Judgment (except with respect to the injunctive relief specified in Section IV.G
20 of the Settlement Agreement), nor receive any benefit thereunder.

21      9.     The Action is hereby dismissed, with prejudice, on the merits, as
22 against all Plaintiffs and all members of the Settlement Class, on the terms and
23 conditions set forth in the Settlement Agreement, and without costs to any party
24 except as provided herein, in the Hearing Order and in the Settlement
25 Agreement.

26      10.     Upon the Effective Date, each Plaintiff and each Settlement Class
27 Member shall be deemed to have, and by operation of this Final Order and
28 Judgment shall have, fully, finally, and forever released, relinquished and

1 discharged all Released Claims against the Protected Persons, in the manner(s) set forth in the Settlement Agreement.

2

3 11. Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims.

12. The following organizations, all of which have demonstrated a nexus with the issues raised in the Litigation—particularly, research and education related to avoidance of future harm to consumers—will receive *cy pres* funds in the following amounts from the remaining Settlement Fund as set forth in Article F of the Settlement Agreement:

(a) Carnegie Mellon University, Pittsburgh, Pennsylvania–CyLab Usable Privacy and Security Laboratory (CUPS); Center for Democracy and Technology (CDT), Washington, D.C.; Fordham Law School, New York, New York – Center on Law and Information Policy; University of California–Berkeley, California–to be split evenly between the School of Information, for research and/or education conducted and/or supervised by Professor Deirdre Mulligan and the School of Law, Center for Law & Technology; each will receive a $250,000 *cy pres* award and a pro rata distribution of any monies remaining in the Settlement Fund following initial distributions.

(b) Computer Freedom & Privacy Conference (CFP), New York, New York; Illinois Institute of Technology/Chicago- Kent Law School, Chicago, Illinois–Center for Information, Society and Policy; University of California–Hastings College of Law, San Francisco, California; University of Houston Law Center, Houston, Texas–Center for Consumer Law; New York Law School, New York, New York–Institute for Information Law and Policy; Stanford Law School, Stanford, California– Center for Internet and Society; and Vanderbilt University Law School,

1  Nashville, Tennessee; each will receive a *cy pres* award of up to $100,000 to applicable special funds.

(c) International Association of Privacy Professionals (IAPP), Portsmouth, New Hampshire; The Privacy Projects, Nordland, Washington–Data Privacy Day; and Telecommunications Policy Research Conference (TPRC), Farnham, Virginia; each will receive a *cy pres* award of $50,000.

13. An incentive payment, not to exceed $1,500, is hereby awarded to each of the following named plaintiffs in the Actions: Jennifer Aguirre; A.A., a minor, by and through her parent Guardian Ad Litem, Jose Aguirre; Alan Bonebrake; Alejandro Godoy; Byron Griffith; J.H., a minor, by and through his parent, Guardian Ad Litem, Jeff Hall; R.H., a minor by and through her parent Guardian Ad Litem, Jeff Hall; Mary Huebner; Erica Intzekostas; Jose Marquez; Kira Miles; Toni Miles; Terrie J. Moore; Austin Muhs; David Rona; Brittany Sanchez; Edward Valdez; Gerardo Valdez; Kayla Valdez; and Brian White. Defendants shall pay $1,500 to each of the specified individuals within ten (10) business days after the Effective Date.

14. Plaintiffs' counsel are hereby awarded (i) attorneys' fees and reimbursement of their reasonable documented expenses incurred up to and through the date of the Fairness Hearing in a total amount of $544,887. Such amounts are to be paid to Plaintiffs' Class Counsel from the Settlement Fund within ten (10) business days after the Effective Date, and in accordance with Paragraphs 4.13 and 4.15 of the Settlement Agreement.

15. The award of attorneys' fees to Plaintiffs' Class counsel, as provided in paragraph 14, above, shall be allocated among Plaintiffs' counsel in a fashion that, in the opinion of Plaintiffs' Class Counsel, fairly compensates Plaintiffs' counsel for their respective contributions in the prosecution of the Action. The Court has considered this award of attorneys' fees and reimbursement of expenses, in the amounts described in paragraph 14, above,

separately from the merits of the settlement and the Court has considered and finds as follows:

    a.    The Settlement has provided significant relief to the Settlement Class and provided such injunctive relief in a timely manner that is particularly valuable in order to be relevant in the settlement of an internet privacy and technology case such as this one.

    b.    Defendants' adoption of changes to their business practices and procedures involving the use and appropriate disclosure of LSOs were a negotiated material term of Settlement.

    c.    Plaintiffs' counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class as a whole.

    d.    The Actions involve complex factual and legal issues and, in the absence of Settlement, would involve further lengthy proceedings and uncertain resolution of such issues.

    e.    Had Settlement not been achieved, there would remain a significant risk that the Settlement Class may have recovered less or nothing from Defendants, and that any recovery would have been significantly delayed which would have resulted in the continued exposure of Settlement Class members' computers to security vulnerabilities.

    f.    The amount of attorneys' fees and reimbursable expenses awarded to Plaintiffs' counsel is fair and reasonable, given the number of attorney hours expended to achieve the Settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

16.    Defendants, the Undertaking Parties and the Protected Persons shall not be liable for any additional fees or expenses for Plaintiffs' Class Counsel or

counsel of any Plaintiff or Settlement Class Member in connection with the Actions, beyond those expressly provided in the Settlement Agreement.

17. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

**(a)** Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

**(b)** Supervising all aspects of the administration of the Settlement;

**(c)** Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

**(d)** Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Final Order and Judgment;

**(e)** Adjudicating any disputes that arise under the Settlement Agreement; and

**(f)** Any other matters related or ancillary to the foregoing.

Dated: June 13, 2011        **SO ORDERED, ADJUDGED AND DECREED**

_____
GEORGE H. WU
Judge of the United States District Court